Torres v Lenscrafters, Inc.

2026 NY Slip Op 02383

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Miguel Torres, Respondent,

v

Lenscrafters, Inc., Defendant, 390 West Broadway, Inc., Defendant-Respondent, Board of Managers of 388 West Broadway Condominium, et al., Defendants-Appellants.

Decided and Entered: April 21, 2026

Index No. 152840/17|Appeal No. 6415|Case No. 2024-05889|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Gallo Vitucci Klar LLP, New York (Nate Drexler of counsel), for appellants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Joshua Block of counsel), for Miguel Torres, respondent.

Keane & Partners LLC, New York (Thomas F. Keane of counsel), for 390 West Broadway, Inc., respondent.

[*1]

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 11, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Board of Managers of 388 West Broadway Condominium (388 West)'s motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

The motion court properly found that 388 West failed to establish its prima facie burden of showing that it bore no liability for plaintiff's fall over a tripping hazard between the sidewalk abutting 388 West's property and the sidewalk abutting a neighboring property (see Administrative Code of City of NY § 7-210; Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 799-800 [2016]; Delgado v 5008 Broadway Assoc., LLC, 149 AD3d 583, 583-584 [1st Dept 2017]). The record establishes that 388 West or the prior owner of its property replaced the sidewalk in front of its building in 2002. In order to address a height difference of potentially three inches between 388 West's sidewalk and its neighbor's sidewalk, a slope or ramp was created which encroached onto the neighbor's sidewalk. While 388 West submitted evidence establishing that plaintiff fell on a portion of the ramp located on its neighbor's property, it failed to offer evidence that eliminated the possibility that it did not comply with its duties to maintain the sidewalk abutting its property in a reasonably safe condition and that 388 West was a proximate cause of plaintiff's injuries by leaving a tripping hazard between the sidewalk abutting 388 West's property and the sidewalk abutting the neighboring property (see Delgado, 149 AD3d at 583-584; Jennings v City of New York, 243 AD3d 411, 412 [1st Dept 2025]).

We have considered 388 West's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026